IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JOSEPH TANCREDI,** <br>       Plaintiff <br><br> v <br><br> **ALLIED INTERSTATE, INC.,** <br>       Defendant | ) <br> ) <br> ) Case No.: <br> ) <br> ) <br> ) COMPLAINT AND DEMAND FOR <br> ) JURY TRIAL <br> ) <br> ) (Unlawful Debt Collection Practices) <br> ) |

## **COMPLAINT**

JOSEPH TANCREDI ("Plaintiff"), by and through his attorney, ANGELA K. TROCCOLI, ESQUIRE and Kimmel & Silverman, P.C., allege the following against ALLIED INTERSTATE, INC. ("Defendant"):

### **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

### **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Connecticut and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

6. Plaintiff is a natural person residing in Salem, Connecticut at the time of the alleged harassment.

7. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3).

8. Defendant is a national debt collection company with corporate headquarters located at 335 Madison Avenue, 27th Floor, New York, New York 10017.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff, originating from a student loan owed to Sallie Mae.

12. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

13. Plaintiff is employed by a company in the United Kingdom.

14. In June 2011, Plaintiff contacted Sallie Mae and provided Sallie Mae with his bank account information for a bank in the United Kingdom in order to make monthly student

loan payments.

15. Sallie Mae never withdrew any student loan payments from his bank account in the United Kingdom.

16. Then, in or around November 2011, Defendant began contacting Plaintiff seeking and demanding payment of an alleged consumer debt owed to Sallie Mae.

17. Plaintiff regularly received collection calls from the following telephone number: (866) 427-0436, which the undersigned has confirmed is a telephone number belonging to Defendant.

18. Defendant contacted Plaintiff, on average, two (2) times a day, in its attempts to collect a debt.

19. Defendant claimed to Plaintiff that he defaulted on his student loan because there had been no payments on his accounts and that Sallie Mae was unable to accept payment from a non-U.S. bank account.

20. While Plaintiff was in the process of opening a U.S. bank account, on or about November 23, 2011, Defendant contacted his parents regarding the alleged debt, as his father was a co-signer on the student loan.

21. Defendant claimed to Plaintiff's mother that Plaintiff owed $9,000.00 to Sallie Mae.

22. Defendant threatened Plaintiff's mother that legal action would be taken if the alleged debt was not paid.

23. Plaintiff's mother contacted Plaintiff and provided him with the phone number that she had received from Defendant; however, when Plaintiff called the number, he got a voicemail for an individual, but the voicemail message did not identify the name of the company

3

where the individual was employed.

24. Not wanting to leave a voicemail message, on November 30, 2011, Plaintiff sent Defendant an email, providing his home contact information.

25. Thereafter, on that same day, Plaintiff received a telephone call from an employee of Defendant, who identified himself to Plaintiff as "Nazir," at his place of employment.

26. "Nazir" deceptively claimed to Plaintiff that he had received a missed call from this number (Plaintiff's work phone number), which was an untrue statement, as Plaintiff never contacted Defendant from his place of employment or provided Defendant with his work number.

27. When Plaintiff asked "Nazir" how Defendant got his work telephone number, "Nazir" claimed that, "he confirmed [his] employment."

28. Plaintiff informed "Nazir" that he would speak with him when he got home from work; however, "Nazir" continued to communicate with Plaintiff at his place of employment, despite knowing that Plaintiff did not want to discuss a debt matter at his place of employment.

29. "Nazir" claimed that Plaintiff had to pay the debt in full, which was now approximately $17,000.00.

30. Plaintiff informed "Nazir" that he could only make payments.

31. "Nazir" claimed that Plaintiff "defrauded Sallie Mae" and "that [he] ran away."

32. Plaintiff asked "Nazir" to apologize for making such false accusations.

33. Further, Plaintiff told "Nazir" that he did try making payments, but that Sallie Mae never took payment.

34. "Nazir" told Plaintiff that he (Nazir) was not going to go over the past and

demanded that Plaintiff make payment on the debt.

35. "Nazir" also claimed that legal action would be commenced if Plaintiff did not make payment on the alleged debt.

36. Plaintiff asked "Nazir" to apologize for his inflammatory remark and stated that he hoped "the call was being recorded."

37. "Nazir" stated, "I am done with you" and hung up.

38. Most recently, Defendant contacted Plaintiff on December 7, 2011, seeking and demanding payment of a consumer debt.

39. Defendant's actions as described herein were taken with the intent to harass, abuse, upset and coerce payment from Plaintiff.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

40. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Defendant violated §1692c(a)(1) of the FDCPA by communicating with Plaintiff at a place known or which should be known to be inconvenient to Plaintiff, specifically communicating with Plaintiff at his place of employment when Defendant knew that Plaintiff was unable to receive communications about personal debts at work.

   b. Defendant violated §1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

   c. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a

debt;

d. Defendant violated §1692e(2)(A) of the FDCPA by misrepresenting the character, amount or legal status of the debt in connection with the collection of the alleged debt;

e. Defendant violated §1692e(5) of the FDCPA by threatening to take an action that cannot legally be taken or that was not intended to be taken;

f. Defendant violated §1692e(7) of the FDCPA by falsely representing or implicating that Plaintiff committed a crime or other conduct in order to disgrace the consumer;

g. Defendant violated §1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect a debt; and

h. Defendant violated §1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt; and

i. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JOSEPH TANCREDI, respectfully prays for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

      d.      Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JOSEPH TANCREDI, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

JOSEPH TANCREDI,
By his Attorney,

*/s/* Angela K. Troccoli
Angela K. Troccoli, Esquire, Id# ct28597
Kimmel & Silverman, PC
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380- direct dial
(860) 263-0919- facsimile
atroccoli@creditlaw.com

Dated: March 2, 2012

7